UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHERYL HAFFNER,

    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
_____)

**COMPLAINT**

The Plaintiff, CHERYL HAFFNER ("HAFFNER"), by and through her undersigned counsel, hereby sues THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("LINCOLN"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  HAFFNER brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. HAFFNER was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINCOLN is a corporation with its principal address in the State of Nebraska that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HAFFNER by LINCOLN.

6. HAFFNER was at all times material an employee of or former employee of Rock Central.

7. By way of her employment at Rock Central, HAFFNER was at all times material a plan participant under Group Disability Income Policy GF3-880-054471-01 (the "LTD Policy"), which is a Long Term Disability insurance policy issued and insured by LINCOLN for employees of Rock Central, who is the plan Sponsor. It is pursuant to Policy GF3-880-054471-01 that HAFFNER is entitled to benefits. A copy of the LTD Policy has been attached hereto as Exhibit "A."

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINCOLN is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINCOLN is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Policy, HAFFNER is entitled to LTD benefits for the duration of her disability, or until age 67 years so long as she remains disabled as required under the terms of the LTD Policy.

12. According to the LTD Policy,

*"Disability" or "Disabled" means:*

*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
   *...*

   i. *if the Covered Person is eligible for the 24 Month Own Occupation benefit, **"Disability" or "Disabled"** means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

   ii. *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

13. Since approximately September 30, 2020, HAFFNER has been disabled under the terms of the LTD Policy.

14. After becoming disabled, HAFFNER made a timely claim to LINCOLN under the LTD Policy for disability benefits and benefits were approved and eventually paid for the period of December 30, 2020 to January 2, 2022. Benefits beyond January 2, 2022 have been denied.

15. By letter dated January 1, 2022, LINCOLN informed HAFFNER that it was denying her claim for continuing LTD benefits beyond January 2, 2022 as

LINCOLN now believed that HAFFNER did not meet the definition of disability in the policy.

16. HAFFNER timely and properly appealed LINCOLN's January 1, 2022 denial letter.

17. By letter dated May 17, 2022, LINCOLN informed HAFFNER that it was affirming its previous decision to deny HAFFNER's claim for LTD disability benefits beyond January 2, 2022 and informed HAFFNER that her administrative remedies had been exhausted.

18. At all relevant times, HAFFNER complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

19. At all relevant times, as a result of Injury or Sickness, HAFFNER has been unable to perform the Material and Substantial Duties of her Own Occupation.

20. At all relevant times, as a result of Injury or Sickness, HAFFNER has been unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation, as such is defined by the policy.

21. At all relevant times, HAFFNER has been under the regular care of a doctor.

22. At all relevant times, HAFFNER was a Covered Person under the LTD Policy.

23. From January 2, 2022 through the present date, HAFFNER has not received benefits owed to her under the LTD Policy, despite HAFFNER's right to these benefits.

24. LINCOLN has refused to pay HAFFNER's claim for LTD benefits beyond January 2, 2022.

25. At all relevant times, LINCOLN was the payer of benefits.

26. At all relevant times, LINCOLN was the "Insurance Company" identified throughout the LTD Policy.

27. At all relevant times, LINCOLN was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

28. At all relevant times, HAFFNER has been and remains Disabled and entitled to LTD benefits from LINCOLN under the terms of the LTD Policy.

29. HAFFNER has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. HAFFNER incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), HAFFNER, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

33. HAFFNER has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINCOLN's failure to pay her continued claim for disability benefits.

34. HAFFNER has exhausted all administrative remedies under the LTD Policy.

35. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a)    Failing to pay LTD benefit payments to HAFFNER at a time when LINCOLN knew, or should have known, that HAFFNER was entitled to those benefits under the terms of the LTD Policy, as HAFFNER was disabled and unable to work and therefore entitled to benefits.

    (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of HAFFNER's claim for LTD benefits;

    (c)    After HAFFNER's claim was terminated in whole or in part, LINCOLN failed to adequately describe to HAFFNER any additional material or information necessary for HAFFNER to perfect her claim, along with an explanation of why such material is or was necessary.

    (d)    LINCOLN failed to properly and adequately investigate the merits of HAFFNER's disability claim and failed to provide a full and fair review of HAFFNER's claim.

36.    HAFFNER believes and thereon alleges that LINCOLN wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which HAFFNER is presently unaware, but which may be discovered in this future litigation and which HAFFNER will immediately make LINCOLN aware of once said acts or omissions are discovered by HAFFNER.

37. Following the termination of benefits under the LTD Policy, HAFFNER exhausted all administrative remedies required under ERISA and HAFFNER has performed all duties and obligations on her part to be performed under the LTD Policy.

38. As a proximate result of the aforementioned wrongful conduct of LINCOLN, HAFFNER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding HAFFNER's claim for benefits, HAFFNER, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), HAFFNER is entitled to have such fees and costs paid by LINCOLN.

40. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, HAFFNER is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, CHERYL HAFFNER prays for relief against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under

       the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 30, 2022

                                 ATTORNEYS DELL AND SCHAEFER, CHARTERED
                                 Attorneys for Plaintiff
                                 2625 Weston Road
                                 Weston, FL 33331
                                 (954) 620-8300

                                 *S/ Rachel Alters*
                                 RACHEL ALTERS, ESQUIRE
                                 Florida Bar No: 106232
                                 Email: rachel@diattorney.com